Per Curiam.

The practice of the mayor’s court, in obliging the amount of the verdict(a) to be brought into court on a motion for a new trial, has never been adopted here. The insolvency of the bail(b) is certainly not a sufficient ground to induce us to make such an order; and a copj of the affirmation, respecting the defendant’s circumstances, has never been served on him; of that, therefore, we can take no notice.(c) But let it be understood, we do not mean to say that had it been otherwise we would have granted the motion.(d),[1]
Buie refused.

 But on a tender of it with costs up to the time, entry of judgment, and all further proceedings will he stayed. Hatfield v. Brown, 1 Johns. Rep. 506.

 See Gillespie ads. Pfister & M' Comb, as to insolvency in cases of security for costs. Coi. Cas. 119.

 Card ads. Fitzroy and others, Col. Cas. 63, whenever a special motion to to be made on the affidavit, a copy must be served. See also Grove v. Cumpbell, Ib. 114, that supplementary affidavits to rebut those in answer cannot be received. See post, 173, Deas v. Smith, note there.

 See Bird, Savage & Bird v. Pierpont, 3 Caines, 106.

 The New York Code of Procedure (secs. 264, 265) provides: Upon receiving a verdict, the clerk shall make an entry in his minutes, specifying the time and place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment to be rendered thereon, or an order that the cause be reserved for argument or further consideration. The justice trying the cause may, in his discretion, and upon such terms as may he just, stay the entry of judgment and further proceedings, until the hearing and final decision of a motion for new trial, or to set aside the verdict or judgment, upon the grounds of surprise or irregularity, or upon a case or bill of exceptions.
The court shall have power to order a verdict to be entered, subject to the opinion of the court thereon. The judge who tries the cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions, or as being against evidence, or for insufficient evidence, or for excessive damages; but such motions in actions hereafter tried, shall only be heard upon the minutes at the son e term or circuit at which the trial is had, and if not heard at the same term or circuit in actions hereafter tried, the motion must be made upon a case or bill of exceptions, or upon appeal. When such motion is heard and decided upon the minutes of the judge, an appeal may be taken from such decision, and in case of appeal, a case or bill of exceptions must be prepared and settled in *23 the usual form, and upon which case or bill of exceptions the argument of the appeal must be had.
After the trial of a cause, either party may, in the manner prescribed by law and the rules of the court in which the action is pending, make and settle a case Or bill of exceptions, which when settled shall be filed, and when filed after judgment, shall be attached to and become a part of the judgment roll.
Motions for a new trial on a.case or bill of exceptions, motions for judgment on a special verdict or case reserved subject to the'opinion of the court, shall in the first instance be heard and decided'at a special term, unless the justice trying the cause shall direct it to be heard in the first instance at a general term. If such order is granted, directing it to be heard at a general term, such motion may then be noticed and brought on to argument by either party at a general term of such court, and the court shall hear and decide the same.